No. 760

First Circuit

CRAWFORD v. ROBBINS & KENNEDY

(March 3, 1931.  Opinion and Decree.)
(May 5, 1931.  Rehearing Refused.)

Gus A. Fritchie, of Slidell, attorney for plaintiff, appellee.

Miller & Heintz, of Covington, attorneys for defendants, appellants.

ELLIOTT, J.  Clarence P. Crawford instituted suit, accompanied by an attachment, against Robbins & Kennedy, a partnership composed of E. L. Robbins and B.

O. Kennedy.  Eighteen mules and two horses were seized under the writ.

The plaintiff claims of defendants $431 as due him for hauling logs, and alleges that they are about to move their property, consisting of said mules and horses, out of the state.

Defendants appeared and moved to dissolve the attachment on several grounds not necessary to recapitulate, for the reason that the minutes show that, after having moved to dissolve, their motion to dismiss was withdrawn.

The statement of defendants in the commencement of their answer, that they do so under reservation of the benefit of all exceptions heretofore filed and not waiving their motion to dissolve the attachment issued herein, but insisting thereon, was, on plaintiff's motion, ordered stricken out of their answer.

Defendants in their answer denied being indebted to the plaintiff.  They allege that the logs hauled by plaintiff was not done in working for them, but for De Hass-Eby Lumber Company, and deny that anything is due the plaintiff on account of his hauling.  They admit that their mules and horses were at Pearl River at the time of the attachment, and that they were about to move them into the state of Mississippi, but deny that it was to be done for the purpose of defrauding the plaintiff, or for the purpose of placing same beyond the jurisdiction of the court.  They further allege upon information and belief that De Hass-Eby Lumber Company has paid the plaintiff for all logs hauled, snaked, or loaded by him for them, except about 16,000 feet, at $3 per M, but for which plaintiff is not entitled to pay, because not loaded by him on cars.  They claim of plaintiff $610 in reconvention on account of damages caused them by

said seizure. They pray that plaintiff's demand be rejected and that they have judgment in reconvention against him for $610.

After trial on the merits, the court sustained the attachment and rendered judgment in favor of the plaintiff, not against Robbins & Kennedy as prayed for, but against E. L. Robbins and B. O. Kennedy in solido for $431, with interest. Defendants do not complain of the fact that judgment was rendered against them in the way stated; consequently it is not necessary to consider the form of the judgment. Defendants' demand in reconvention was refused.

As for the defense that plaintiff was not engaged in hauling for Robbins & Kennedy, but for De Hass-Eby Lumber Company, the evidence satisfies us that Robbins & Kennedy are plaintiff's debtors on account of said hauling; that plaintiff was employed by them and worked for them and not for De Hass-Eby Lumber Company, as defendants claim.

The amount claimed by plaintiff to be due on said account is contested. The plaintiff testifies that the amount claimed by him, $431, is correct.

Defendants Robbins and Kennedy, as witnesses, each endeavored to show that plaintiff was not due that amount, giving testimony from which it could be inferred, if given credit, that plaintiff had been paid by De Hass-Eby Lumber Company all that was justly due him on said account. The testimony of the defendants has left us convinced that the district judge made no mistake in accepting the testimony of the plaintiff as to the amount due him. We shall not interfere with the judgment in that respect.

As for the attachment, defendants in their answer and testimony show that their horses and mules were at Pearl River at the time they were attached, and that they were about to move them out of the state. Pearl River, the place where the mules and horses were at the time, is not many miles from the state line. Their mules and horses, if once started on the way, would have quickly been out of the state. The evidence on the subject satisfies us that the plaintiff had just grounds to fear that the defendants would move their property out of the state without paying him, and that he was justified in resorting to the writ of attachment in order to protect his righs.

The judgment appealed from is correct.

For these reasons the judgment appealed from is affirmed; defendants to pay the cost in both courts.